**Affirmed as Modified; Opinion Filed October 29, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-15-00407-CR

_____

**MICHAEL DOUGLAS PERRIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 203rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F14-75365-P**

_____

## MEMORANDUM OPINION

Before Justices Lang, Evans, and Whitehill
Opinion by Justice Evans

Michael Douglas Perrin pleaded guilty to failure to register as a sex offender. The trial court sentenced appellant to ten years' imprisonment, probated for ten years, and assessed a $2000 fine. The State later moved to revoke appellant's community supervision. Following a hearing the trial court revoked appellant's community supervision and sentenced him to ten years' imprisonment. On appeal, appellant's attorney filed a brief in which she concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d

807, 811–12 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. We advised appellant of his right to file a pro se response, but he did not file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

We have reviewed the record and counsel's brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We agree the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal.

Although not an arguable issue, we note the trial court's judgment revoking community supervision erroneously omits the $2,000 fine. The trial court orally pronounced the fine when appellant was sentenced on August 27, 2014 following his guilty plea. Although the trial court probated the ten-year sentence, the court did not probate the fine. The $2,000 fine is reflected in the August 27, 2014 judgment of conviction. An un-probated fine orally imposed at the original plea hearing may be included in the judgment revoking regular probation even though the fine was not re-pronounced. *See Coffey v. State*, 979 S.W.2d 326, 329 (Tex. Crim. App. 1998). Accordingly, we modify the judgment revoking community supervision to include the $2,000 fine. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment revoking community supervision.


/ David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
150407F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL DOUGLAS PERRIN,
Appellant

No. 05-15-00407-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 203rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F14-75365-P).
Opinion delivered by Justice Evans,
Justices Lang and Whitehill participating.

Based on the Court's opinion of this date, the trial court's judgment revoking community supervision is **MODIFIED** as follows:

The section entitled "Fine" is modified to show "$2,000."

As modified, we **AFFIRM** the trial court's judgment revoking community supervision.

Judgment entered this 29th of October, 2015.